**OTIS ELEVATOR COMPANY, a Maine Corporation**

**v.**

**The UNITED STATES.**

No. 88–63.

United States Court of Claims.

Feb. 18, 1966.

**158**

John C. Reid, Washington, D. C., attorney of record, for plaintiff. Ivins, Phillips & Barker, Washington, D. C., of counsel.

Knox Bemis, Washington, D. C., with whom was Acting Asst. Atty. Gen. Richard M. Roberts, for defendant. C. Moxley Featherston, Lyle M. Turner, Philip R. Miller, and Joseph P. Spellman, Washington, D. C., of counsel.

Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS and COLLINS, Judges.

LARAMORE, Judge.

This is a suit to recover income taxes paid by the plaintiff for the years 1951 through 1953 in the amount of $472,607.-22, plus interest, on the theory that the taxpayer qualifies as a "western hemisphere trade corporation."

The sole issue in this case is whether the taxpayer is entitled to the special credit under section 26(i) of the Internal Revenue Code of 1939. Revenue Act of 1950, ch. 994, 64 Stat. 906, 920, as amended, 26 U.S.C. §§ 26(i), 109 (1952 Ed.). The statute prescribes three conditions which must be met in order for a domestic corporation to qualify: At least 95 percent of gross income must be derived from sources outside the United States; at least 90 percent of gross income must be derived from the active conduct of a trade or business; and lastly, all of its business mut be done in the western hemisphere.

Concededly, plaintiff meets the first two of these conditions, and the only question is whether all of its business was done in western hemisphere countries which include the United States. All the facts except for the years involved, the figures showing the volume of business, number of employees, income of plaintiff's branches in Latin America, are substantially the same as presented in the case of Otis Elevator Company v. United States, 301 F.2d 320, 157 Ct.Cl. 339 (1962), which suit involved taxes paid for the year 1950. Also, the identical issue as before the court in Otis Elevator, supra, is present in this case.

During the years presently in issue, the cost of components, as a percentage of gross receipts, which were manufactured in Europe amounted to 8.4 percent in 1951, 16.9 percent in 1952, and 15.2 percent in 1953, as compared with 6.2 percent in 1950. Thus, the only problem before the court now is whether the higher percentages of components manufactured in Europe take this case without the reasoning in the 1950 case. In that case, we held that the plaintiff should prevail under either a test of "minor" or "incident to," even though components purchased in Europe totalled 6.2 percent of gross receipts. 301 F.2d at 326, 157 Ct.Cl. at 350. Similarly in this case, we think the purchases were not so substantial as to deprive the taxpayer, otherwise eligible, of the right to the credit.

For the above stated reason, we hold that plaintiff is entitled to recover, with interest, and judgment will be entered to that effect. The amount of recovery will be determined pursuant to Rule 47(c)(2).